Victory–Phyllis DAVIS, Appellant

v.

KAUFMAN COUNTY, Terrell Independent School District and Trinity Valley Community College District, Appellees.

No. 05–05–01412–CV.

Court of Appeals of Texas, Dallas.

June 29, 2006.

Victory–Phyllis Davis, Dallas, pro se.

Jeffrey K. Brown, Linebarger Goggan Blair & Sampson, LLP, Austin, and Jo Ann Ellis Combs, Kaufman, TX, for Appellee.

Before Justices FITZGERALD, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice FITZGERALD.

Victory–Phyllis Davis appeals the award to attorney Mary Gayle Ramsey of $3500 fees and expenses taxed as costs in the trial court's judgment distributing excess proceeds from a tax sale of real property under chapter 34 of the Texas Tax Code. We affirm the trial court's judgment.

## BACKGROUND

Raymond Brown owned real property when he died intestate in 1970. Ownership of the property passed to his wife, Essie Brown, and twelve children, including appellant's mother. Essie Brown died in 2000, and her will divided her estate amongst eight devisees, but not appellant or appellant's mother. Appellant's mother later died leaving five surviving heirs, including appellant. Appellant's share of the property was approximately .00909.

In April 2003, the property taxes were delinquent, and the taxing districts seized the property and sold it. The sale generated excess proceeds of $28,024.91. In December 2003, appellant filed a pro se motion for distribution of the excess proceeds and prayed that she be awarded on behalf of her mother's estate a 1/13 share of the excess proceeds. On June 25, 2004, Thomas Brown, an heir of both Raymond Brown and Essie Brown, filed a motion to claim the excess funds. Thomas Brown's motion was signed by his retained attorney, Mary Gayle Ramsey. In July 2004, the trial court ordered the excess proceeds "be disbursed and paid to the Escrow Account of Mary Gayle Ramsey, P.C. to be disbursed in equal interests to Applicants after the payment of fees and expenses to Mary Gayle Ramsey, P.C." In February and April 2005, appellant filed further motions for distribution of excess proceeds, now praying that the court "determine the parties of interest and the former owners of said Property ... [and] issue an order disbursing claims for such excess proceeds ... to all parties of interest that they may be determined by this Court."

On July 8, 2005, the trial court held a hearing on appellant's motions to distribute the proceeds. We have only a partial reporter's record of that hearing. The partial reporter's record shows Ramsey was hired by Thomas Brown and Annie Brown Mays. Annie Brown Mays testified that Ramsey told her that Ramsey's fee "would come off the top." Ramsey told the trial court she represented all the heirs of Essie Brown but not appellant and some of the other heirs, but Ramsey stated, "I believe I have provided a service to these heirs." The trial court stated the fee of $3500 "certainly is reasonable for the amount of work you've done, and this is very difficult and very time consuming and very detailed work to do." The trial court then stated judgment would be granted "as set forth on the disbursement sheet." On August 3, 2005, Ramsey filed a statement of her fees and expenses totaling $3500.

On August 15, 2005, Ramsey, representing four of the heirs other than appellant, filed a motion to enter judgment. The motion stated the proposed judgment attached to the motion had been approved by all parties except appellant. The proposed judgment awarded Ramsey $3500 as costs and distributed the remaining funds to the heirs according to their percentage of ownership of the property.

On August 31, 2005, appellant filed a response to the motion for judgment. In the motion, appellant asserted Ramsey was not entitled to fees because (a) appellant was not served with Thomas Brown's June 25, 2004 motion to claim excess funds, denying appellant due process; (b) Ramsey's statement of fees and expenses submitted on August 3, 2005 varied from her testimony at the July 8, 2005 hearing; (c) Ramsey was engaged by four of the heirs, and not appellant, and they should be the only ones required to pay Ramsey's fees; and (d) under section 34.04(i) "Texas Property [sic] Code,"[1] Ramsey is entitled to a fee of no more than $1000. Appellant prayed that the trial court set aside its oral rendition of judgment or declare it null and void because Ramsey's statement of fees and expenses did not agree with her testimony at the July 8, 2005 hearing.

On September 6, 2005, the trial court entered judgment in accordance with the

1. We presume appellant means the Texas Tax Code. The Property Code does not contain a section 34.04.

motion for judgment prepared by Ramsey.[2]

## PAYMENT OF RAMSEY'S FEES

In her first issue, appellant questions "[w]hether the trial court erred in interpreting the law by awarding judgment for attorneys' fees in the amount of $3,500 from the total amount of excess proceeds." In her third issue, appellant asks "[w]hether clients who engage the legal services of counsel have the responsibility to pay for these services." Appellant argues (a) Ramsey was not entitled to $3500 for fees and expenses because Tax Code section 34.04(i) limits the fee to $1000, (b) none of Ramsey's fees and expenses should have been awarded from the total amount of excess proceeds; and (c) only the heirs who hired Ramsey should be responsible for her fees and expenses. Appellant also asserts the evidence is insufficient to support the $3500 award.

■ Section 34.04 of the Tax Code governs the distribution of excess proceeds from tax sales. Section 34.04(i) states, "A fee charged to obtain excess proceeds for an owner may not be greater than 25 percent of the amount obtained or $1,000, whichever is less." TEX. TAX CODE ANN. § 34.04(i) (Vernon Supp.2005). Appellant argues this provision limits Ramsey's fee to $1000. Thus, the issue is whether, in distribution of excess proceeds under Tax Code section 34.04 to multiple owners, the fee for obtaining the proceeds for multiple owners is capped at 25 percent or $1000 for the entire fund or at 25 percent or $1000 for each owner. There are no cases interpreting this provision. The statute states the cap on fees applies to a fee charged for obtaining the proceeds for "an owner." We conclude this language authorizes a charge of up to 25 percent or $1000 for each owner of the property for whom the person charging the fee obtained the excess proceeds. In this case, the judgment distributed the excess proceeds to at least 16 owners of the property. Under the language of section 34.04(i), Ramsey's fee was limited to twenty-five percent of $28,024.91, which is $7006.23, or $1000 from each of the owners, whichever is less. The award of $3500 is less than half of the allowable fee of twenty-five percent under section 34.04(i), and when the fee is divided among all the owners, no single owner was responsible for more than $1000. Accordingly, we conclude the $3500 award to Ramsey did not violate the cap on fees of section 34.04(i).

■ Appellant next argues the trial court should not have paid Ramsey from the total amount of excess proceeds, thereby reducing the amount of proceeds to which appellant was entitled.[3] Appellant also argues that Ramsey's fee is owed by the four heirs who hired her and not by appellant or the other heirs who did not hire Ramsey. Appellant cites no authority in support of these arguments. Accordingly, they are not properly briefed and are waived. See TEX.R.APP. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 242 (Tex.App.-Houston [1st Dist.] 2006, no

2. The judgment, awarded appellant $222.96 as an heir of Raymond Brown, and it awarded Thomas Brown $1114.77 as an heir of Raymond Brown and $1532.81 as an heir of Essie Brown.

3. On appeal, appellant does not challenge the calculation of her interest in the excess proceeds, 0.909 percent. If Ramsey's fees and expenses had not been ordered paid from the excess proceeds, appellant's share of the excess proceeds would have increased by $31.82.

pet.); *Wolfe v.C.S.P.H. Inc.*, 24 S.W.3d 641, 646–47 (Tex.App.-Dallas 2000, no pet.).

### Sufficiency of the Evidence

■ Appellant also argues Ramsey failed to present sufficient evidence to support her claim for attorney's fees. Appellant presents no argument, cites no authority, and does not cite to the record in support of her sufficiency challenge. Accordingly, she has failed to properly brief this assertion, and it is waived. *See* Tex. R.App. P. 38.1(h); *Abdelnour*, 190 S.W.3d at 242; *Wolfe*, 24 S.W.3d at 646–47.

■ Appellant's challenge to the sufficiency of the evidence also fails because she requested only a partial reporter's record and failed to follow the requirements of rule of appellate procedure 34.6(c). Rule 34.6(c)(4) provides a presumption that a partial reporter's record constitutes the entire record for purposes of reviewing the stated issues, including issues complaining of the legal or factual sufficiency of the evidence. *See* Tex.R.App. P. 34.6(c)(4). However, to be entitled to this presumption, the appellant must file a "statement of points or issues." Tex. R.App. P. 34.6(c)(1). The appellant is then limited to the points or issues presented in the statement. *Id.* This statement of points or issues should be included in the request for the reporter's record. *Id.* A late-filed statement of points or issues is sufficient to maintain the presumption that the record is complete unless the appellee shows the late filing of the statement affected him. *Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex.2002) (per curiam). If the appellant entirely fails to present the statement of points or issues, then the presumption that the record is complete for appellate-review purposes does not apply, and the appellate court applies the presumption that the material

missing from the reporter's record is relevant and supports the trial court's judgment. *Id.* at 229 ("There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."); *see also Wheeler v. Greene*, 194 S.W.3d 1, 3 (Tex.App.-Tyler 2006, no pet.); *Mason v. Our Lady Star of Sea Catholic Church*, 154 S.W.3d 816, 820 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

■ In this case, appellant's request for preparation of the reporter's record is attached to the reporter's record. That request does not contain a statement of the points or issues on which appellant would rely. No request for the reporter's record was included (or requested to be included) in the clerk's record. Since requesting a partial reporter's record, appellant has not filed a statement of the points or issues on appeal as required by rule 34.6(c). As the supreme court observed in *Bennett*, "litigants who ignore our rules do so at the risk of forfeiting appellate relief." *Bennett*, 96 S.W.3d at 230. Because appellant failed to follow the requirements for rule 34.6(c)(1), we cannot apply the presumption of rule 34.6(c)(4) that the record is complete but must apply the presumption that the omitted portions of the record support the trial court's judgment. Accordingly, we must overrule appellant's challenge to the sufficiency of the evidence.

We overrule appellant's first and third issues.

### DUE PROCESS

■ In her second issue, appellant questions "[w]hether the trial court erred in disbursing the excess proceeds to Thomas G. Brown through his attorney without giving Appellant due process." Appellant asserts she received no notice of Thomas

Brown's June 25, 2004 motion for disbursement of excess proceeds until she discovered it in the file in March 2005. The record, however, contains no evidence that appellant lacked adequate notice. Appellant does not explain how any late notice she received affected her. As she states in her brief, she discovered Thomas Brown's motion in March 2005 and responded to his motion by amending her motion for disbursement of excess proceeds.

Appellant also asserts her due process rights were violated because she received no notice that Ramsey was seeking fees and expenses until July 7, 2005, the day before the hearing. The record contains no evidence that appellant did not receive adequate notice. The partial reporter's record contains no objection by appellant to the trial court's proceeding with the hearing, nor does the record show appellant filed a motion for continuance or otherwise requested a continuance. Nor does the record show the allegedly late notice affected appellant's ability to adequately represent herself at the hearing. Likewise, appellant does not argue on appeal that the single-day's notice affected appellant's self-representation or in any way affected the outcome of the case.

Under rule of appellate procedure 44.1(a),

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1) probably caused the rendition of an improper judgment; or

(2) probably prevented the appellant from properly presenting the case to the court of appeals.

TEX.R.APP. P. 44.1(a). In this case, after reviewing the entire record on appeal, we cannot conclude that any lack of notice probably caused the rendition of an improper judgment or prevented appellant from properly presenting the case on appeal. We overrule appellant's second issue.

## DENIAL OF APPELLANT'S MOTION FOR DISBURSEMENT

■ In her fourth issue, appellant asks "[w]hether the trial court erred in denying Appellant's Motion for Disbursement of Excess [sic] and granting Brown's Motion for Excess Proceeds." Appellant's brief contains no argument or authorities in support of this issue. Accordingly, this issue is not properly briefed and is waived. *See* TEX.R.APP. P. 38.1(h); *Abdelnour,* 190 S.W.3d at 242; *Wolfe,* 24 S.W.3d at 646–47. Furthermore, appellant's April 13, 2005 amended motion for disbursement of excess proceeds requested that the trial court "determine the parties of interest and the former owners of said Property ... [and] issue an order disbursing claims for such excess proceeds to all parties of interest that may be determined by this Court." The trial court's judgment did what appellant's amended motion requested. We conclude the record does not show the trial court denied appellant's motion. We overrule appellant's fourth issue.

## OTHER ASSERTIONS

Appellant's brief contains other assertions that do not fall under any of the issues, including, "[t]he District Clerk should not have distributed excess proceeds of tax sale to Brown when Appellant had filed a claim to the excess proceeds within two years and such claim was pending before the trial court"; "Ramsey failed to comply with the court's Order of July 20, 2004 which ordered excess proceeds 'to be disbursed in equal interests to applicants after the payment of fees and expenses ...'"; and "Ramsey never produced evidence that supported

the distribution arrangement of the excess proceeds." Each of these assertions is unsupported by argument, citation to the record, or citation to authority. Accordingly, these assertions are waived. *See* Tex.R.App. P. 38.1(h); *Abdelnour*, 190 S.W.3d at 242; *Wolfe*, 24 S.W.3d at 646–47.

We affirm the trial court's judgment.