Opinion issued December 20, 2007






 












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00200-CV

__________


LUCILLE C. ZALUD, Appellant


V.


JOHN CHRISTIAN SCHIRO, D.D.S., Appellee






On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 04-CV-137189






MEMORANDUM OPINION

 Appellant, Lucille C. Zalud, challenges the trial court's take-nothing judgment
rendered after a jury verdict in favor of appellee, John Christian Schiro, D.D.S, in
Zalud's suit against Schiro for dental malpractice. In her first and second issues,
Zalud contends that the trial court erred in admitting into evidence expert testimony
proffered by Schiro. In her third issue, Zalud contends that Schiro's experts should
not have been allowed to testify "as to the standard of care in a manner that
contradicts published governmental standards" and that the trial court erred in 
denying her the "right to cross-examine a doctor upon ethical violations in related
cases that go directly to his lack of qualifications as an expert." In her fourth issue,
Zalud contends that the trial court erred in not granting her a new trial and that Schiro
"abused the discovery process by withholding witness statements of plaintiff's
experts." 

 We affirm. 

Factual and Procedural Background


 Zalud asserted a variety of claims against Schiro related to his alleged dental
malpractice. She filed pre-trial "motions to determine [the] competence" of Schiro's
expert witnesses, Nathaniel G. Tippit, D.D.S., and Jonathan Penchas, D.D.S., which
the trial court denied, allowing both Tippit and Penchas to testify. After trial, the jury
returned a verdict in Schiro's favor, and the trial court rendered a take-nothing
judgment in favor of Schiro.

Partial Reporter's Record

 As a preliminary matter, Schiro asserts that, although Zalud has attempted to
present a limited appeal using a partial reporter's record, her failure to request that the
official court reporter prepare a partial reporter's record and her failure to include in
any such request a statement of the points or issues to be considered on appeal is fatal
to her appeal. We agree.

 An appellant must request, in writing, that the official court reporter prepare
the reporter's record. Tex. R. App. P. 34.6(b)(1). Also, the appellant must file a copy
of this request with the trial court clerk. Tex. R. App. P. 34.6(b)(2). If the appellant
requests a partial reporter's record, the appellant must include in the request a
statement of the points or issues to be presented on appeal, and the appellant will then
be limited to those points or issues on appeal. Tex. R. App. P. 34.6(c)(1). It is
presumed that a partial reporter's record designated by the parties constitutes the
entire record for purposes of reviewing the stated points or issues. Tex. R. App. P.
34.6(c)(4). However, if the appellant entirely fails to file a statement of points or
issues, he is not entitled to the presumption that the record is complete for appellate
review purposes, and, instead, an appellate court presumes that the material missing
from the reporter's record actually supports the trial court's judgment. Davis v.
Kaufman County, 195 S.W.3d 847, 851 (Tex. App.--Dallas 2006, no pet.); see also
Bennett v. Cochran, 96 S.W.3d 227, 229-30 (Tex. 2002) (per curiam) (favorably
citing case law applying presumption that, when appellant appeals with partial
reporter's record but completely fails to submit statement of points or issues, as
required by Rule 34.6(c)(1), omitted portions of record support trial court's findings).

 Zalud asserts that her appeal is "present[ed] upon a limited reporter's record"
and the "issues presented for appellate review are limited to the evidentiary questions
concerning the admissibility of expert witness testimony." However, although Zalud
attempts to challenge the testimony of both Tippit and Penchas in her limited appeal,
the reporter's record on file consists solely of the trial testimony of Tippit. There is
no reporter's record on file containing Penchas's testimony or the testimony of any
of the other witnesses presented during the approximately eight days of trial. Also,
the clerk's record does not contain either a request for the preparation of a partial
reporter's record or a statement of the points or issues to be presented on appeal. See
Tex. R. App. P. 34.6(b), (c)(1). Although the supreme court cautioned in Bennett that
"appellate rules are designed to further the resolution of appeals on the merits," the
supreme court also stated that "litigants who ignore our rules do so at the risk of
forfeiting appellate relief." 96 S.W.3d at 230. In fact, the supreme court specifically
stated in Bennett that "[t]here is no question that, had [the litigant] completely failed
to submit his statement of points or issues, Rule 34.6 would require the appellate
court to affirm the trial court's judgment." Id. (citing Tex. R. App. P. 34.6). 

 Here, Zalud did not file a request for a partial reporter's record in the trial court
and, thus, necessarily "completely fail[ed] to submit [her] statement of points or
issues." See id. Because Zalud "failed to follow the requirements for rule 34.6," we
must presume "that the omitted portions of the record support the trial court's
judgment." Davis, 195 S.W.3d at 851; see also Richards v. Schion, 969 S.W.2d 131,
133 (Tex. App.--Houston [1st Dist.] 1998, no pet.) (stating that because appellant
appealed with partial record but did not designate points for appeal, court must
presume that omitted parts of record are relevant to disposition of appeal); Jaramillo
v. The Atchison, Topeka & Santa Fe Ry. Co., 986 S.W.2d 701, 702 (Tex.
App.--Eastland 1998, no pet.) (holding that appellant's failure to comply with Rule
34.6(c) required presumption that missing portions of reporter's record supported trial
court's judgment and, thus, court could not determine whether trial court's alleged
errors in admitting expert testimony were harmful). Accordingly, applying the
presumption that the omitted portions of the record support the trial court's judgment,
we cannot conclude that the trial court erred in admitting Schiro's expert testimony,
that the admission of such testimony was harmful, or that the trial court erred in
denying Zalud a new trial. 

 We overrule Zalud's first, second, third, and fourth issues. All pending
motions are denied. (1)

Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.



1. Having rejected Zalud's issues on appeal on the basis that she failed to file a request
for a partial reporter's record in the trial court and also necessarily "completely
fail[ed] to submit [her] statement of points or issues" in any such request, we need not
consider Schiro's alternative complaint that the limited reporter's record on file with
this Court was improperly and untimely filed.