COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-039-CV

 

 

IN THE INTEREST OF S.M.-C., A CHILD                                                   

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                                    

                                              ------------      








This is a termination of
parental rights appeal.  Appellant Thomas
Christopher C. attempts, in four issues, to challenge the trial court=s judgment terminating his parental rights to his son, S.M.-C.[2]  But Appellant filed only a partial reporter=s record.  All appellants must
request preparation of the court reporter=s record and must file a copy of this requestCdesignating the exhibits to be included in the record and the portions
of the proceedings to be includedCwith the trial court clerk.  Tex. R. App. P. 34.6(b)(1), (2).  Pursuant to Texas Rule of Appellate Procedure
34.6(c), an appellant may utilize a partial reporter=s record on appeal if he includes in his request for the reporter=s record designating the portions of the record to be prepared a
statement of the points or issues to be presented on appeal.  Tex.
R. App. P. 34.6(b)(1), (c).  If an
appellant relying upon a partial reporter=s record fails to file his statement of the points or issues to be
presented on appeal with the clerk, we must presume the missing portions of the
record support the trial court=s judgment.  In re A.W.P.,
200 S.W.3d 242, 244B45 (Tex.
App.CDallas 2006, no pet.)  (citing Bennett
v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002)); see also Tex. R. App. P. 34.6(c)(4).








Here, the clerk=s record does not include a request for preparation of the reporter=s record.  No document exists in
the clerk=s record
indicating which exhibits or which portions of the proceedings Thomas desired
to be included in the reporter=s record.  During the pendency
of this appeal, this court did receive a letter from the court reporter
indicating that Thomas had requested the testimony of three witnesses and all
testimony concerning a rule 11 agreement. 
Consequently, we telephoned the trial court clerk, asking her to
determine whether Thomas had filed with the court a request designating the
portions of the record he desired prepared by the court reporter and, if so, to
forward the document to this court.  The
clerk responded that Thomas never filed such a request or designation with the
clerk=s office.

Absent the filing of the
request for a partial record stating the points or issues intended to be
presented on appeal, the procedural structure of rule 34.6(c) fails; absent
such a filing, the other parties do not know what points the appellant will be
raising and so cannot determine what additional portions of the record they may
want to request.  See Tex. R. App. P. 34.6(c)(2); W &
F Transp., Inc. v. Wilhelm, 208 S.W.3d 32, 38 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (explaining that A[t]he purpose of Rule 34.6(c) is to protect an appellee from having to
defend an appeal without parts of the record that support its defense@).  








Thomas points out that he did
file a AStatement of Points on Appeal,@ but this statement appears to be in compliance with section
263.405(b)(2) of the family code.  See
Tex. Fam. Code Ann. ' 263.405(b)(2) (Vernon Supp. 2008). 
This document is not directed to the court reporter and does not
indicate which exhibits or portions of the proceedings Thomas desired to have
included in the reporter=s
record.  Compare Tex. R. App. P. 34.6(b)(1), (2), (c)
(setting forth the procedural requisites necessary for an appellant to proceed
with a partial reporter=s record) with
Tex. Fam. Code Ann. ' 263.405(b)(2) (requiring the filing of appellate points in parental
termination cases so the trial court may conduct a frivolousness hearing).  Moreover, the seven items with five
additional substatements that are listed in Thomas=s statement of points do not comport with the points he raises on
appeal.  Although both rule 34.6(b) and
(c) and family code section 263.405(b)(2) use the term Astatement of points,@ the procedures set up by rule 34.6(b) and family code section
263.405(b) are vastly different; even a cursory review of the procedural
aspects of the provisions makes it clear that compliance with one does not
satisfy the other.  See Tex. R. App. P. 34.6(b)(1), (2), (c); Tex. Fam. Code Ann. ' 263.405(b)(2).








Under these circumstances, we
hold that Thomas failed to comply with Texas Rule of Appellate Procedure
34.6(c) because he did not file with the clerk his request for preparation of a
partial reporter=s record
stating the points or issues he intended to present on appeal.  See Tex.
R. App. P. 34.6(b)(2) (providing, AThe appellant must file a copy of the request with the trial
court clerk.@) (emphasis
added), 34.6(c)(1) (providing Aappellant must include in the request a statement of the points
or issues to be presented on appeal and will then be limited to those points or
issues@) (emphasis added).  We
therefore must presume the omitted portions of the reporter=s record support the trial court=s judgment terminating Thomas=s parental rights to S.M.-C.  See Christiansen v. Prezelski, 782 S.W.2d
842, 843 (Tex. 1990) (stating that incomplete reporter=s record prevents reviewing court from determining whether trial court=s ruling is reversible error in the context of the whole case and
without complete record, appellate court will presume that omitted evidence
supports trial court=s judgment);
CMM Grain Co. v. Ozgunduz, 991 S.W.2d 437, 440 (Tex. App.CFort Worth 1999, no pet.) (holding that appellant must either comply
with rule 34.6 or provide a complete record on appeal in order to avoid
presumption that omitted evidence supports trial court=s judgment).








The four issues Thomas raises
in his appellate brief are that the trial court abused its discretion by
disregarding the parties= rule 11
agreement, that the trial court erred by admitting testimony from a previously
undesignated expert witness, that there was prosecutorial misconduct, and that
the termination of his (Thomas=s) parental rights was improper because of the fatally flawed nature
of the proceedings.  We are required to presume
that the missing portions of the reporter=s record support the trial court=s judgment in each of the ways it is challenged by Thomas.  See In re A.W.P., 200 S.W.3d at 244B45 (presuming, based on appellant=s failure to file statement of points as required by rule 34.6(c),
that missing portions of record supported trial court=s judgment and overruling each of appellant=s issues on this basis); Davis v. Kaufman County, 195 S.W.3d
847, 851 (Tex. App.CDallas 2006,
no pet.) (holding that, because appellant=s request for preparation of reporter=s record did not contain statement of points or issues on which
appellant would rely and because no request for the reporter=s record was included (or requested to be included) in the clerk=s record, appellant had not complied with requisites necessary for
partial reporter=s record and
appellate court would apply presumption that omitted portions of record
supported trial court=s judgment).
We therefore overrule Thomas=s four issues and affirm the trial court=s order terminating his parental rights to S.M.-C.

 

SUE WALKER

JUSTICE

 

PANEL B:   LIVINGSTON, WALKER,
and, MCCOY, JJ.

DELIVERED: January 10, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]Lisa
M., the mother of S.M.-C., likewise attempted to challenge this judgment, which
also terminated her parental rights. We previously dismissed Lisa M.=s
appeal.