COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-039-CV

IN THE INTEREST OF S.M.-C., A CHILD 

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

This is a termination of parental rights appeal.  Appellant Thomas Christopher C. attempts, in four issues, to challenge the trial court’s judgment terminating his parental rights to his son, S.M.-C.
(footnote: 2)  But Appellant filed only a partial reporter’s record.  All appellants must request preparation of the court reporter’s record and must file a copy of this request—designating the exhibits to be included in the record and the portions of the proceedings to be included—with the trial court clerk.  
Tex. R. App. P.
 34.6(b)(1), (2).  Pursuant to Texas Rule of Appellate Procedure 34.6(c), an appellant may utilize a partial reporter’s record on appeal if he includes in his request for the reporter’s record designating the portions of the record to be prepared a statement of the points or issues to be presented on appeal.  
Tex. R. App. P.
 34.6(b)(1), (c).  If an appellant relying upon a partial reporter’s record fails to file his statement of the points or issues to be presented on appeal with the clerk, we must presume the missing portions of the record support the trial court’s judgment.  
In re A.W.P.
, 200 S.W.3d 242, 244–45 (Tex. App.—Dallas 2006, no pet.)  (citing 
Bennett v. Cochran
, 96 S.W.3d 227, 229 (Tex. 2002)); 
see also
 
Tex. R. App. P.
 34.6(c)(4).

Here, the clerk’s record does not include a request for preparation of the reporter’s record.  No document exists in the clerk’s record indicating which exhibits or which portions of the proceedings Thomas desired to be included in the reporter’s record.  During the pendency of this appeal, this court did receive a letter from the court reporter indicating that Thomas had requested the testimony of three witnesses and all testimony concerning a rule 11 agreement.  Consequently, we telephoned the trial court clerk, asking her to determine whether Thomas had filed with the court a request designating the portions of the record he desired prepared by the court reporter and, if so, to forward the document to this court.  The clerk responded that Thomas never filed such a request or designation with the clerk’s office.

Absent the filing of the request for a partial record stating the points or issues intended to be presented on appeal, the procedural structure of rule 34.6(c) fails; absent such a filing, the other parties do not know what points the appellant will be raising and so cannot determine what additional portions of the record they may want to request.  
See
 
Tex. R. App. P.
 34.6(c)(2); 
W & F Transp., Inc. v. Wilhelm
, 208 S.W.3d 32, 38 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (explaining that “[t]he purpose of Rule 34.6(c) is to protect an appellee from having to defend an appeal without parts of the record that support its defense”).  

Thomas points out that he did file a “Statement of Points on Appeal,” but this statement appears to be in compliance with section 263.405(b)(2) of the family code.  
See
 
Tex. Fam. Code Ann.
 § 263.405(b)(2) (Vernon Supp. 2008).  This document is not directed to the court reporter and does not indicate which exhibits or portions of the proceedings Thomas desired to have included in the reporter’s record.  
Compare
 
Tex. R. App. P.
 34.6(b)(1), (2), (c) (setting forth the procedural requisites necessary for an appellant to proceed with a partial reporter’s record) 
with
 
Tex. Fam. Code Ann.
 § 263.405(b)(2) (requiring the filing of appellate points in parental termination cases so the trial court may conduct a frivolousness hearing)
.  Moreover, the seven items with five additional substatements that are listed in Thomas’s statement of points do not comport with the points he raises on appeal.  Although both rule 34.6(b) and (c) and family code section 263.405(b)(2) use the term “statement of points,” the procedures set up by rule 34.6(b) and family code section 263.405(b) are vastly different; even a cursory review of the procedural aspects of the provisions makes it clear that compliance with one does not satisfy the other.  
See
 
Tex. R. App. P.
 34.6(b)(1), (2), (c); 
Tex. Fam. Code Ann.
 § 263.405(b)(2).

Under these circumstances, we hold that Thomas failed to comply with Texas Rule of Appellate Procedure 34.6(c) because he did not file with the clerk his request for preparation of a partial reporter’s record stating the points or issues he intended to present on appeal.  
See
 
Tex. R. App. P.
 34.6(b)(2) (providing, “The appellant 
must
 file a copy of the request with the trial court clerk.”) (emphasis added), 34.6(c)(1) (providing “appellant 
must
 include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues”) (emphasis added).  We therefore must presume the omitted portions of the reporter’s record support the trial court’s judgment terminating Thomas’s parental rights to S.M.-C. 
 See Christiansen v. Prezelski
, 782 S.W.2d 842, 843 (Tex. 1990) (stating that incomplete reporter’s record prevents reviewing court from determining whether trial court’s ruling is reversible error in the context of the whole case and without complete record, appellate court will presume that omitted evidence supports trial court’s judgment); 
CMM Grain Co. v. Ozgunduz
, 991 S.W.2d 437, 440 (Tex. App.—Fort Worth 1999, no pet.) (holding that appellant must either comply with rule 34.6 or provide a complete record on appeal in order to avoid presumption that omitted evidence supports trial court’s judgment).

The four issues Thomas raises in his appellate brief are that the trial court abused its discretion by disregarding the parties’ rule 11 agreement, that the trial court erred by admitting testimony from a previously undesignated expert witness, that there was prosecutorial misconduct, and that the termination of his (Thomas’s) parental rights was improper because of the fatally flawed nature of the proceedings.  We are required to presume that the missing portions of the reporter’s record support the trial court’s judgment in each of the ways it is challenged by Thomas.  
See In re A.W.P.
, 200 S.W.3d at 244–45 (presuming, based on appellant’s failure to file statement of points as required by rule 34.6(c), that missing portions of record supported trial court’s judgment and overruling each of appellant’s issues on this basis);
 Davis v. Kaufman County
, 195 S.W.3d 847, 851 (Tex. App.—Dallas 2006, no pet.) (holding that, because appellant’s request for preparation of reporter’s record did not contain statement of points or issues on which appellant would rely and because no request for the reporter’s record was included (or requested to be included) in the clerk’s record, appellant had not complied with requisites necessary for partial reporter’s record and appellate court would apply presumption that omitted portions of record supported trial court’s judgment). We therefore overrule Thomas’s four issues and affirm the trial court’s order terminating his parental rights to S.M.-C.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, WALKER, and, MCCOY, JJ.

DELIVERED: January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Lisa M., the mother of S.M.-C., likewise attempted to challenge this judgment, which also terminated her parental rights. We previously dismissed Lisa M.’s appeal.