Opinion issued November 13, 2008















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00410-CV

____________


BIO LANDSCAPE & MAINTENANCE, INC., Appellant


V.


SALLE MORSE, Appellee






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 2005-77992






MEMORANDUM OPINION ON REHEARING

 We grant appellant's motion for rehearing. See Tex. R. App. P. 49.3. We
withdraw our July 31, 2008 opinion, substitute this opinion in its place, and vacate
our July 31, 2008 judgment.

 Appellant, Bio Landscape & Maintenance, Inc. ("Bio"), challenges the trial
court's judgment entered in favor of appellee, Salle Morse, and Sid Morse, in the
Morses' suit against Bio for breach of contract. In its sole issue, Bio contends that
the trial court erred in allowing an undisclosed witness to testify.

 We affirm.

Procedural Background

 After the trial court found that Bio had breached its contract with Salle Morse,
it awarded him $41,092.20 for actual damages, prejudgment interest, and attorney's
fees. After Bio filed its notice of appeal, it decided to pursue a limited appeal by only
requesting a partial reporter's record of the testimony of the undisclosed witness, Lee
Pamuk. See Tex. R. App. P. 34.6.

Partial Reporter's Record

 Bio argues that the trial court erred in permitting Lee Pamuk, "an undisclosed
witness," to testify at trial because his testimony "was inadmissible and its admission
probably caused the rendition of an improper judgment." 

 As a preliminary matter, the Morses assert that, although Bio has attempted to
present a limited appeal using a partial reporter's record, Bio's failure to request that
the official court reporter prepare a partial reporter's record and include in any such
request a statement of the points or issues for this Court to consider on appeal and
include this request in the clerk's record is fatal to Bio's appeal.

 An appellant must request, in writing, that the official court reporter prepare
the reporter's record. Tex. R. App. P. 34.6(b)(1). Also, the appellant must file a copy
of this request with the trial court clerk. Tex. R. App. P. 34.6(b)(2). If the appellant
requests a partial reporter's record for a limited appeal, the appellant must include in
the request a statement of the points or issues to be presented on appeal, and the
appellant will then be limited to those points or issues on appeal. Tex. R. App. P.
34.6(c)(1). 

 It is presumed that a partial reporter's record designated by the parties
constitutes the entire record for purposes of reviewing the stated points or issues. 
Tex. R. App. P. 34.6(c)(4). However, if the appellant entirely fails to file a statement
of points or issues, he is not entitled to the presumption that the record is complete
for appellate review purposes, and, instead, an appellate court presumes that the
material missing from the reporter's record actually supports the trial court's
judgment. See Bennett v. Cochran, 96 S.W.3d 227, 229-30 (Tex. 2002) (per curiam);
Davis v. Kaufman County, 195 S.W.3d 847, 851 (Tex. App.--Dallas 2006, no pet.).

 Here, the clerk's record does not include a request for a partial reporter's record
with a statement of the points or issues on appeal. See Tex. R. App. P. 34.6(b), (c)(1). 
Although the supreme court cautioned in Bennett that "appellate rules are designed
to further the resolution of appeals on the merits," the supreme court also stated that
"litigants who ignore our rules do so at the risk of forfeiting appellate relief." 96
S.W.3d at 230. In fact, the supreme court specifically stated in Bennett that "[t]here
is no question that, had [the litigant] completely failed to submit his statement of
points or issues, Rule 34.6 would require the appellate court to affirm the trial court's
judgment." Id. at 229 (citing Tex. R. App. P. 34.6). 

 Bio did not file a request for a partial reporter's record in the trial court and,
thus, necessarily "completely failed to submit [its] statement of points or issues." See
id. Because Bio "failed to follow the requirements for [R]ule 34.6[]," we must
presume "that the omitted portions of the record support the trial court's judgment." 
Davis, 195 S.W.3d at 851; see also In re A.W.P., 200 S.W.3d 242, 245 (Tex.
App.--Dallas 2006, no pet.) (concluding that when clerk's record did not include
request to court reporter showing statement of points or issues relied upon, court
assumed that missing portions of record supported judgment); Richards v. Schion,
969 S.W.2d 131, 133 (Tex. App.--Houston [1st Dist.] 1998, no pet.) (stating that,
because appellant appealed with partial reporter's record but did not designate points
or issues relied upon for appeal, court must presume that omitted portions of
reporter's record are relevant to disposition of appeal). Accordingly, applying the
presumption that the omitted portions of the reporter's record support the trial court's
judgment, we cannot conclude that the trial court erred in admitting Pamuk's
testimony.

 We overrule Bio's sole issue.

Conclusion

 We affirm the judgment of the trial court. 





 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.