Hany ABDELNOUR, Appellant,

v.

MID NATIONAL HOLDINGS, INC. and MDS–Mid National, Ltd., Appellees.

No. 01–04–00573–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 5, 2006.

Gary F. Cerasuolo, Smith & Cerasuolo, LLP, Houston, for Appellant.

Jack Wilson Higdon, Barry Abrams, Abrams Scott & Bickley, LLP, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

This is an appeal of a no-evidence summary judgment granted in favor of appellees, Mid National Holdings, Inc. and MDS–Mid National, Ltd. [collectively, "Mid–National"]. We affirm.

## BACKGROUND

In 1998, appellant, Hany Abdelnour, filed suit in Canada against Midanco Canada, Inc. and Midanco (U.K.) [collectively, "Midanco"] and Joseph Zaidan, alleging that they breached a contract to purchase Midanco stock from him. On May 20, 1998, the Canadian court granted a default judgment against Midanco for $359,054 and against Zaidan for $129,054. On May 11, 2002, Abdelnour filed suit against Mid–National here, contending that it was the alter-ego of Midanco and Zaidan, and, therefore, should be responsible for payment of the debt created by the Canadian judgment.

On December 23, 2002, Zaidan, one of the Canadian defendants, filed a motion in revocation of judgment, which requested that the Canadian court revoke the default judgment. On December 27, 2002, the Canadian court entered an interim stay of execution of the judgment pending a ruling on Zaidan's motion in revocation. It is undisputed that Zaidan's motion in revocation is still pending in the Canadian court. As such, the default judgment has not yet been set aside, but Abdelnour is prohibited from enforcing it.

## PROPRIETY OF "NO EVIDENCE" MOTION FOR SUMMARY JUDGMENT

Mid–National filed a no-evidence motion for summary judgment, contending that

(1) Abdelnour cannot base his alter ego claims on an unenforceable underlying claim; (2) Abdelnour's alter-ego claims are barred by limitations; (3) Abdelnour does not have standing to bring a suit to collect the Canadian court debt; and (4) there is no evidence to show that Mid–National was Zaidan's or Midanco's alter-ego.

The trial court granted Mid–National's motion for summary judgment, and this appeal followed. On appeal, Abdelnour contends the trial court erred in (1) proceeding on the motion for summary judgment despite a pending motion to abate or continue, (2) ruling that the underlying suit, upon which this suit is predicated, was unenforceable; (3) ruling that Abdelnour did not have standing; (4) ruling that Abdelnour's claims were barred by limitations; and (5) granting Mid–National's no-evidence summary judgment.

*Standard of Review*

■■■ A no-evidence motion for summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex.2003); *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70 (Tex. App.-Austin 1998, no pet.). In general, a party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the non-movant's claims on which it would have the burden of proof at trial. *Holmstrom v. Lee,* 26 S.W.3d 526, 530 (Tex.App.-Austin 2000, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the non-movant to raise a fact issue on the challenged elements. TEX.R. CIV. P. 166a(i). A no-evidence summary judgment will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only

evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch,* 118 S.W.3d at 751. We view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.*

■■■ A no-evidence summary judgment is improperly granted if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* When the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, more than a scintilla of evidence exists. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). A defendant who moves for summary judgment need only negate one element of the plaintiff's cause of action. *See Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

In its motion for summary judgment, Mid–National contended it was entitled to summary judgment because there was no evidence to merit the submission of Abdelnour's alter-ego theory to the jury on any of the following elements:

(1) unity in identity of shareholders, directors, officers, and employees;

(2) failure to distinguish in ordinary business between the two entities;

(3) failure to observe corporate formalities;

(4) whether operating capital of one corporation is provided by the other corporation of whether the capital is borrowed from other sources;

(5) the extent to which separate books and accounts have been kept;

(6) whether the two entities have common departments of business;

(7) whether the two entities have separate meeting of shareholders and directors;

(8) whether an officer or director of one corporation is permitted to determine the policies of the other; or

(9) whether the two entities filed consolidated tax returns.

See *Stewart & Stevenson Servs. v. Serv-Tech*, 879 S.W.2d 89, 107 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (listing some factors available to prove an alter-ego theory).

Mid–National also contended there was no evidence to pierce the corporate veil under a "sham to perpetuate a fraud" theory because there was no evidence that Abdelnour had fallen victim to an unfair device by which a corporate entity has been used to achieve an inequitable fault. See *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 375 (Tex.1984).

Abdelnour responded to the motion for summary judgment, but did not offer any summary judgment proof on any of the elements listed above in the "piercing the corporate veil" theories of recovery. Instead, he attached (1) the Canadian judgment and (2) an "affidavit" by Victor Doche, a former employee of Zaidan. The Doche "affidavit" was not notarized, was submitted to the court *in camera*, and was never provided to Mid–National.

■ We begin by noting that documents may be tendered *in camera* for the purpose of obtaining a ruling on the admissibility of such documents. *See* Tex.R. Civ. P. 76a(2)(a)(1). Documents tendered under 76a(2)(a)(1) are not "court records" and need not be given to the opposing party until the trial court rules on their admissibility. However, the issue in this case is not the admissibility of the Doche "affidavit." Instead, the issue is whether Abdelnour may use the Doche "affidavit"

as evidence without making it public and showing it to Mid–National. We hold that he may not. There is simply no provision whereby evidence, whether at trial or in a summary judgment motion, may be held *in camera, i.e.*, kept secret, absent a sealing order under rule 76a, and, in any event, must be provided to opposing counsel. Because the Doche "affidavit" was never filed with the district clerk or provided to Mid–National's counsel, it is an *ex parte* communication. *See Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex.1988). This Court cannot properly consider any ex parte communication, which has been submitted outside of, and is not part of, the appellate record. *Nguyen v. Intertex, Inc.* 93 S.W.3d 288, 293 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

## PROPRIETY OF DENIAL OF ABATEMENT OR CONTINUANCE

■ In issue one, Abdelnour contends that the trial court erred in proceeding with the motion for summary judgment despite the Canadian court's stay of execution and the pending motions to abate and/or continue the case. However, Abdelnour's brief on this issue contains no citations to authorities or the record.

■ Texas Rule of Appellate Procedure 38.1(h) requires appellate briefs to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Issues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority or cites only to a single non-controlling case. *Wolfe v.C.S.P.H., Inc.*, 24 S.W.3d 641, 647 (Tex. App.-Dallas 2000, no pet.); *see also Tong v. State*, 25 S.W.3d 707, 710 (Tex.Crim. App.2000). This rule does not prohibit an appellant from making a novel argument for which there is no authority "directly on

point." However, a novel contention must be grounded in analogous case law or provide a relevant jurisprudential framework for evaluating the claim. *See Tong,* 25 S.W.3d at 710.

Abdelnour's brief provides no citation to the record, nor any discussion of relevant or analogous authorities to assist the Court in evaluating its claim that the trial court erred by proceeding with the motion for summary judgment. As such, issue one on appeal is waived.

## CONCLUSION

In light of our dispositions of issues one and five, we need not address the remaining issues on appeal, and we decline to do so. We affirm the judgment of the trial court.