Opinion issued May 8, 2008









     






In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00987-CV




DOW SUPPLY COMPANY, Appellant

V.

HOUSTON TUBULARS INCORPORATED, Appellee




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2006-25029




MEMORANDUM OPINION
          Appellant, Dow Supply Company (“Dow”) appeals the summary judgment
order rendered in favor of appellee, Houston Tubulars Incorporated (“Houston
Tubulars”). The trial court’s summary judgment order determined Dow’s lawsuit was
precluded by res judicata. In its sole issue, Dow asserts the trial court erred by
determining that its lawsuit was precluded by res judicata. We conclude the trial
court properly rendered summary judgment in favor of Houston Tubulars because res
judicata bars Dow’s claim for relief. We affirm the judgment of the trial court. 
BackgroundDow is a company specializing in the sale of tubular products. Dow’s property
was kept in storage by Houston Tubulars. When Dow could not locate all of its
property that was in storage, it filed suit, claiming that its property had been sold. In
its lawsuit against Houston Tubulars and Dennis Haden, an agent of Houston
Tubulars, Dow alleged fraud, conversion, and breach of contract. Specifically, Dow
stated, 
[T]he Inventory, in large part (95%), was missing. The Defendants have
refused to turn over the balance of the Inventory to [Dow].  
 
. . .
 
[T]he Defendants have sold some of the Inventory and kept the
proceeds.
 
. . .
 
[T]he Defendants have provided accountings to Plaintiff in which the
status of the Inventory was falsely, knowingly and intentionally
misrepresented. The Defendants represented to Plaintiff that the
Inventory was intact and in storage when it was not, and in fact over the
years being sold by the Defendants.
 
. . .
 
By selling all or a portion of the Inventory, the Defendants have
breached their storage contract with Plaintiff, converted such Inventory
to their own purposes and have committed theft.
Dow requested damages consisting of the value of the inventory, lost profits,
attorney’s fees, punitive damages, costs, and pre- and post-judgment interest. 
          After a trial on the merits, the jury found that a contract for “loading, trucking,
unloading, segregating, sorting, storing, selling, or purchasing” pipe existed between
Dow and Houston Tubulars. The jury also found that neither Houston Tubulars nor
Dow breached the contract. Due to its finding of no breach, the jury followed the
instructions given and did not answer any of the questions regarding damages. In
accordance with the jury’s determination, the judge rendered a take-nothing judgment
in favor of Houston Tubulars in 2005. The judgment was not appealed by Dow.
          About six months after the judgment was rendered, Dow filed the present suit.
In its petition in the second suit, Dow asserted, 
Houston Tubulars sold the inventory and has received and maintains the
proceeds of the sale of that inventory.
 
. . .
 
Houston Tubulars has failed to account for the proceeds of that sale . . . .
 
. . .
 
[T]hese parties previously litigated Plaintiff’s claim that the subject
inventory was either stolen, converted or otherwise sold without
Plaintiff’s permission. The jury ruled that the parties had entered into an
agreement for the sale of the subject inventory but did not reach a
decision under the jury charge as to the amount to be paid from the
Defendant to the Plaintiff. The Defendant continues to hold the proceeds
of the sale of the subject inventory. Accordingly, the Defendant has
been unjustly enriched by having sold the Plaintiff’s inventory but
turning over nothing in payment. This unjust enrichment and failure to
turn over funds under whatever contract the jury believed was in place
is, in fact, a new breach of contract.

Dow sought an accounting and payment of the proceeds, along with interest,
attorney’s fees, and costs.
          In its answer to this lawsuit filed by Dow, Houston Tubulars denied all of
Dow’s claims and asserted the affirmative defense of res judicata, which was the
ground later asserted in the motion for summary judgment filed by Houston Tubulars.
The motion claimed this lawsuit was barred by res judicata due to the jury’s verdict
in the first lawsuit. The motion’s evidence included Dow’s petitions in both suits, the
final judgment of the trial court in the first suit, and the official jury questions. 
          Dow’s response to the motion for summary judgment was that this suit was 
an effort to enforce the previous judgment which the Defendant has
refused to honor. . . . The jury found that a contract existed between the
parties. Since the time of that judgment, the Defendant has failed and
refused to make payment pursuant to that contract.

The court determined this lawsuit was precluded by the trial court’s judgment in the
earlier lawsuit.
Waiver of Appeal
          Dow fails to cite to the record or to any case law in support of its contention. 
Texas Rule of Appellate Procedure 38.1(h) requires that an appellant’s brief “contain
a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record.” Tex. R. App. P. 38.1(h). “Rule 38 requires [a party]
to provide us with such discussion of the facts and the authorities relied upon as may
be requisite to maintain the point at issue.” Tesoro Petroleum Corp. v. Nabors
Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet.
denied). “This is not done by merely uttering brief conclusory statements,
unsupported by legal citations.” Id. “Issues on appeal are waived if an appellant fails
to support his contention by citations to appropriate authority or cites only to a single
non-controlling case.” Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d 237, 241
(Tex. App.—Houston [1st Dist.] 2006, no pet.); see Daniel v. Falcon Interest Realty
Corp., 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Dow’s
argument does not contain a single citation to a legal authority or the record. We
therefore hold that Dow has waived its right of appeal due to inadequate briefing.
Tex. R. App. P. 38.1(h); Wheeler v. Methodist Hosp., 95 S.W.3d 628, 646 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). We overrule Dow’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 

                                                                        Elsa Alcala
                                                                        Justice
Panel consists of Justices Taft, Keyes, and Alcala.