Opinion issued May 22, 2008

















In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00637-CV




WILLIS C. REED, Appellant

V.

REO PROPERTIES CORPORATION, Appellee




On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 863481




MEMORANDUM OPINION
          Appellant, Willis C. Reed, appeals from the trial court’s judgment granting
REO Properties Corporation (“REO”) possession of the property at issue. In two
sentences that comprise his entire argument in his brief, Reed contends that (1) this
Court should “grant[] him the option to repurchase the property” because the
nonjudicial foreclosure sale where REO purchased the property was illegal, and,
alternatively, (2) this Court should “return the $10,000.00 bond put up in County
Court #4.” We conclude that Reed waived all issues by failing to cite to the record
or any authority. We affirm the judgment of the trial court.
Background
          Reed occupied a property located at 14526 Grove Estates Lane in Cypress,
Texas. REO purchased the property at a nonjudicial foreclosure sale in February
2006. In March 2006, REO brought a forcibile-detainer suit against Reed in the
Justice Court, which entered judgment in favor of REO, awarding it possession of the
premises. 
          Reed appealed to the County Civil Court at Law. There, Reed asserted that the
nonjudicial foreclosure sale at which REO purchased the property was illegal because
the property was subject to automatic-stay protection under federal bankruptcy law. 
Reed also attached a copy of his bankruptcy petition, which showed the date of filing
as December 2005. The trial court rejected Reed’s assertions and entered judgment
in favor of REO for possession of the premises, attorney’s fees, and costs. The trial
court also set a supersedeas bond amount at $10,000, based on the reasonable rental
value of the property for the period of appeal. Reed posted the $10,000 cash bond
and appealed to this Court. 
          The argument portion of Reed’s brief, in its entirety, states as follows:
Willis Reed would like the court to rule in his favor granting him the
option to re-purchase the property located at 14526 Grove Estates Lane,
Cypress, Texas. If the court does not rule in his favor to re-purchase the
property Willis Reed asks that the court return the $10,000.00 bond put
up in County Court #4 to Mr. Reed.
 
Waiver of Appeal
          Reed fails to present any clear grounds for reversal on appeal and fails to cite
to the record or to any authority in his brief. 
          Texas Rule of Appellate Procedure 38.1(h) requires that an appellant’s brief
“contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.” Tex. R. App. P. 38.1(h). “Rule 38 requires
[a party] to provide us with such discussion of the facts and the authorities relied
upon as may be requisite to maintain the point at issue.” Tesoro Petroleum Corp. v.
Nabors Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.]
2002, pet. denied). “This is not done by merely uttering brief conclusory statements,
unsupported by legal citations.” Id. “Issues on appeal are waived if an appellant fails
to support his contention by citations to appropriate authority or cites only to a single
non-controlling case.” Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d 237, 241
(Tex. App.—Houston [1st Dist.] 2006, no pet.); see Daniel v. Falcon Interest Realty
Corp., 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.). 
          Reed’s brief does not present any grounds for reversal of the trial court’s
judgment nor does it contain a single citation to a legal authority or the record. We
therefore hold that Reed has waived his right of appeal due to inadequate briefing.
Tex. R. App. P. 38.1(h); Wheeler v. Methodist Hosp., 95 S.W.3d 628, 646 (Tex.
App.—Houston [1st Dist.] 2002, no pet.).
Conclusion
          We affirm the judgment of the trial court.
 

                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.