Opinion issued February 19, 2009








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00653-CV

____________


MCALESTER FUEL COMPANY, Appellant


V.


W. SCOTT CARPENTER D/B/A CARPENTER & ASSOCIATES, Appellee






On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2005-43491






 MEMORANDUM OPINION


 Appellant, McAlester Fuel Co. (McAlester), appeals from the trial court's
judgment in favor of appellee, W. Scott Carpenter d/b/a Carpenter & Associates. In
two issues, McAlester challenges the sufficiency of the evidence to support the
amount of attorneys' fees awarded to Caprenter. We conclude the evidence supports
the amount of attorneys' fees and therefore affirm.

Background

 McAlester retained Carpenter, an attorney, for representation in an oil and gas
lawsuit ("the underlying suit"). Carpenter requested the help of Jonathan Simon, an
attorney, and John Allen, a legal assistant who was an unlicensed law school
graduate. Allen billed 363.25 hours to Carpenter at $50 an hour, for a total of
$18,162.50. Carpenter billed those hours to McAlester at the rate of $125 an hour for
a total of $45,406.25. Simon billed 515.45 hours to Carpenter at $250 an hour, for
a total of $128,862.50, and Carpenter billed those hours to McAlester at that same
rate. Simon also incurred other reimbursable expenses, bringing the total amount he
billed Carpenter to $137,077. Carpenter billed his time at $295 an hour for 321.1
hours for a total of $94,724.50. In addition, Carpenter incurred other expenses for
which he charged McAlester, such as the costs relating to hiring expert witnesses. 

 Although it paid some of the earlier invoices submitted by Carpenter,
McAlester stopped paying invoices for the legal services rendered, requiring
Carpenter to file suit for $285,788.22 for the unpaid invoices. McAlester then filed
suit against Carpenter, Simon and Allen, but Simon, and Allen settled the lawsuit. 
Simon settled the lawsuit against him for $137,000. Allen settled the lawsuit against
him for $11,000.

 At trial, competing testimony was introduced about the reasonableness of the
attorneys' fees charged by Carpenter. Carpenter and Dennis Dylewski, a local
attorney with 34 years of experience in various types of commercial litigation
including oil and gas, each testified about the reasonableness of attorneys' fees billed
to McAlester. In contrast, Simon, who had performed some of the work for
McAlester at the request of Carpenter, testified that the fees appeared excessive. The
amount of attorneys' fees was also challenged by Edward Wallace, a non-lawyer, who
ran McAlester.

 After allowing a dollar-for-dollar credit for the amount of the Simon and Allen
settlements, the trial court's judgment awarded damages for the unpaid attorneys' fees
in the amount of $137,788.22 plus pre- and post-judgment interest, in addition to
attorneys' fees for pursuing the trial and appeal. The trial court made findings of fact
and conclusions of law, concluding that the fees and expenses billed by Carpenter
were reasonable and necessary.

Sufficiency of Evidence to Support Award for Attorneys' Fees

 Appellant challenges the sufficiency of the evidence to support the award for
attorneys' fees, specifically challenging the fees for work done by the legal assistant. A. Standard of Review

 "[L]egal-sufficiency review in the proper light must credit favorable evidence
if reasonable jurors could, and disregard contrary evidence unless reasonable jurors
could not." City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). If the
evidence "would enable reasonable and fair-minded people to differ in their
conclusions, then jurors must be allowed to do so." Id. at 822. "A reviewing court
cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls
within this zone of reasonable disagreement." Id. Although the reviewing court must
"consider evidence in the light most favorable to the verdict, and indulge every
reasonable inference that would support it[,] . . . if the evidence allows of only one
inference, neither jurors nor the reviewing court may disregard it." Id. "The final test
for legal sufficiency must always be whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review." Id. at 827. 

 B. Attorneys' Fees

 In its first issue, McAlester asserts the trial court erred by awarding Carpenter
attorneys' fees because the expert testimony at trial was legally insufficient. On
appeal, McAlester does not point to any specific evidence that is contrary to the
verdict, but instead makes global no-evidence challenges.

 In general, the reasonableness of attorneys' fees is question of fact. City of
Garland v. Dallas Morning News, 22 S.W.3d 351, 367 (Tex. 2000). In an appeal
from a bench trial, we may "not invade the fact-finding role of the trial court, who
alone determines the credibility of the witnesses, the weight to give their testimony,
and whether to accept or reject all or any part of that testimony." Volume Millwork,
Inc. v. W. Houston Airport Corp., 218 S.W.3d 722, 730 (Tex. App.--Houston [1st
Dist.] 2006, pet. denied).

 A party can recover reasonable attorneys' fees if he prevails and recovers
damages on a cause of action for which recovery of attorneys' fees is permitted. See
Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 2008); Green Int'l, Inc. v.
Solis, 951 S.W.2d 384, 390 (Tex. 1997). The grant or denial of attorneys' fees is
within the trial court's sound discretion, and we will not reverse the court's ruling
regarding attorneys' fees unless there is a clear abuse of discretion. Ryan v.
Abdel-Salam, 39 S.W.3d 332, 337 (Tex. App.--Houston [1st Dist.] 2001, pet.
denied).

 When reviewing the reasonableness of an award for attorneys' fees, the factors
we should consider include the following:

 (1) the time and labor required, the novelty and difficulty of the
questions involved, and the skill required to perform the legal
service properly;


 (2) the likelihood that the acceptance of the particular employment
will preclude other employment by the lawyer;

 

 (3) the fee customarily charged in the locality for similar legal
services;

 

 (4) the amount involved and the results obtained;

 

 (5) the time limitations imposed by the client or by the
circumstances;

 

 (6) the nature and length of the professional relationship with the
client;

 

 (7) the experience, reputation, and ability of the lawyer or lawyers
performing the services; and

 

 (8) whether the fee is fixed or contingent on results obtained or
uncertainty of collection before the legal services have been
rendered. 


Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997)
(citing Tex. Disciplinary R. Prof'l Conduct 1.04). Attorneys' fees must bear
some reasonable relationship to the amount in controversy, but the amount of
damages awarded is only one factor in determining the reasonableness of a fee award. 
USAA County Mut. Ins. Co. v. Cook, 241 S.W.3d 93, 103 (Tex. App.--Houston [1st
Dist.] 2007, no pet.). We examine each of these factors separately.

 1. Time, Labor, Novelty, Difficulty, and Skill

 The first factor requires that we examine the time and labor required, the
novelty and difficulty of the questions involved, and the skill required to perform the
legal service properly. Carpenter's representation of McAlester involved a complex
oil and gas lawsuit concerning whether a tool was defective, which was difficult to
prove because the tool was unavailable due to its destruction. Carpenter's
representation of McAlester in the underlying suit was for a claim for $541,000, and
for providing McAlester a defense against counter-claims. Carpenter called Allen,
the legal assistant, so that Allen could prepare the petition, and Allen immediately
prepared the petition, which was approved by Wallace. Carpenter testified he
prepared the case for trial by sending interrogatories and requests for production,
taking two depositions in Louisiana on two separate dates, taking four or five
depositions in Houston all on separate dates, going to "the Valley" twice for a
deposition and affidavit, and retaining and preparing two experts. Carpenter "spent
a lot of time responding" to two motions for summary judgment that involved
"complicated" issues. Carpenter "worked the case up" for trial, talking to witnesses,
reviewing depositions, preparing jury instructions, and preparing to address a
spoliation issue that was involved in the case. After several dates for trial, the case
was litigated before a jury over the course of three days. After trial, there was a
motion for judgment. Considering the Arthur Anderson factors, Carpenter testified
that the fees and expenses incurred in the underlying suit were "all reasonable and
necessary."

 Carpenter admitted copies of invoices he sent to McAlester for the work
performed in 2004 to 2005. Although McAlester paid invoices early in the
representation in the underlying suit, the later invoices were unpaid. Carpenter spoke
with Wallace "many times" between September 1, 2004 and June 2005 about the
problems with the invoices not being paid. Wallace told Carpenter he was having
financial difficulties and intended to pay. Wallace never complained about the
quality of Carpenter's work or the number of hours Carpenter was spending to
perform the job.

 Carpenter explained his reliance on work done by Allen. Carpenter said Allen
is more proficient than a paralegal. Carpenter's expert Dylewski described Allen as
a skilled researcher. Dylewski noticed that, in the appeal of the underlying suit,
Thompson and Knight, McAlester's attorneys for the appeal, adopted the arguments
that had been made by Carpenter and Allen.

 Dylewski reviewed the invoices submitted by Carpenter, line by line. Dylewski
formed the opinion that Carpenter's work on the litigation was "well-prepared, well-documented, well briefed." Dylewski testified preparation for the underlying suit was
"very time consuming" and involved "mammoth amounts of briefing." In applying
the Arthur Anderson factors to the case, Dylewski determined the fees charged for the
work done by Carpenter, Simon, and Allen were reasonable.

 2. Affect on Other Employment

 Concerning the second factor, which pertains to evidence of the likelihood that
the acceptance of the particular employment will preclude other employment by the
lawyer, the record does not contain any direct evidence that Carpenter, Simon, or
Allen gave up other employment to work on the underlying suit for McAlester. 
However, Dylewski stated it "took most of his time . . . their time" and "[t]hey
devoted a lot of time to it, which was necessary."

 3. Fee Charged in Locality 

 The evidence for the third factor, the fee customarily charged in the locality for
similar legal services, was that there was a wide range of fees from $75 to $500 an
hour for the type of service provided by Carpenter. For example, the record shows
that Wallace agreed to pay $300 to Dabney for Dabney's representation at the trial of
the present dispute over the reasonableness of attorneys' fees. Carpenter testified
that the fee charged for Simon's work was reasonable in the locality in comparison
to lawyers with the equivalent type of experience. Dylewski testified that he was
familiar with the rates charged for legal services in Harris County and that
Carpenter's fees, including those charged for Simon's and Allen's work, were
reasonable.

 4. Amount Involved and Results Obtained

 The fourth factor relates to the amount involved and the results obtained. 
Carpenter billed McAlester at the rate of $295 an hour for the work he performed, and
at the rate of $250 an hour for the work Simon performed. Carpenter hired Simon
because he had a lot of work and needed extra help. Simon took all the depositions
for the underlying suit and assisted at the trial. 

 Dylewski testified that Carpenter received a favorable finding that the product
was defective, although he did not get any damages. Carpenter billed McAlester a
total of $300,000 for Carpenter's work in the underlying suit. Dylewski testified to
the quality and necessity of the work that was performed and that the fees charged
were reasonable in relation to the recovery sought. Carpenter explained that the fees
charged to McAlester were reasonable and necessary to prepare for and conduct the
underlying suit. 

 Allen was not Carpenter's employee. Allen billed Carpenter $50 an hour for
Allen's services, and Carpenter billed McAlester $125 per hour for the work done by
Allen. Carpenter explained that "the market rate for Mr. Allen's services is more than
$125." Carpenter testified that the rate of $125 for Allen's services was fair and
reasonable. Dylewski also explained that it is common for law firms and lawyers to
use paraprofessionals and to pay the paraprofessional one rate while charging the
client a higher rate. For example, said Dylewski, large law firms will pay $15 to $20
an hour to a paralegal but charge $80 to $90 dollars to the client for the work done
by the paralegal. In applying the Arthur Anderson factors to the case, Dylewski
determined the fees charged for the work done by Carpenter, Simon and Allen were
reasonable. 

 In contrast to testimony by Carpenter and Dylewski, Simon testified for
McAlester. Simon explained the work he performed while working with Carpenter
in the underlying suit. Simon expressed surprise about the number of hours worked
by Carpenter and by Allen. Simon testified that Carpenter was not actively involved
in 80 percent of the case. Believing the bill to be excessive, Simon was "shocked"
about how large the bill was. However, Simon could not say that Carpenter failed to
do the work for which Carpenter billed McAlester. 

 5. Time Limitations

 The record is silent concerning the fifth factor, which is the time limitations
imposed by the client or by the circumstances.

 6. Nature and Length of Professional Relationship

 The sixth factor pertains to the nature and length of the professional
relationship with the client. Carpenter testified he met Wallace in the building where
Carpenter had an office many years ago. After that, Carpenter began to represent
Wallace's family and company, McAlester. Carpenter assisted Wallace with a
divorce, in two criminal matters, in an oil and gas matter, and the underlying suit that
resulted in the present attorneys' fee dispute. Carpenter represented McAlester in the
underlying suit from November 2003 through 2005, after the case was resolved with
post-judgment motions following a jury verdict. 

 7. Experience, Reputation, and Ability of Lawyer

 The seventh factor considers the experience, reputation, and ability of the
lawyer or lawyers performing the services. Carpenter testified he is a graduate of
South Texas College of Law and has been practicing as an attorney for 30 years. 
Carpenter wrote numerous articles in various professional journals and newspapers,
and was a past editor of the Houston Lawyer. Carpenter wrote a book on criminal
jury charges. He served on the grievance committee for about six years. Carpenter
is an experienced litigator, having tried approximately 125 civil and criminal jury
trials.

 8. Type of Fee

 The record for the eighth factor shows the fee is fixed, but contains no other
information about the type of fee. 

 On appeal, McAlester does not directly challenge the eight factors described
above, but asserts three reasons the evidence is insufficient. First, McAlester
challenges the award because the evidence fails to address each of the Arthur
Anderson factors, although McAlester presents no authority for the proposition that
all the factors must be addressed. Carpenter acknowledges that evidence about two
of the factors is missing. We conclude that although evidence of two factors is
missing, their absence does not make the evidence insufficient in this case. See Bank
of Tex. v. VR Electric, No. 01-07-00308-CV, 2008 WL 5455692, at *12-13 (Tex.
App.--Houston [1st Dist.] Dec. 31, 2008, no pet. h.) (holding evidence of attorneys'
fees sufficient despite failure of evidence to address each Arthur Anderson factor). 
 Second, McAlester contends Dylewski's testimony is conclusory because it
does not specifically address each of the Arthur Anderson factors. A conclusory
statement is one that does not provide the underlying facts to support the conclusion. 
Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.--Houston [1st Dist.] 1997, no
pet.). Although he did not identify each factor, Dylewski explained he took these
factors into account in forming his opinions. As set forth above, Dylewski did testify
to most of the factors from Arthur Andersen. We conclude Dylewski's testimony is
not conclusory because he bases the opinions on his review of the invoices and
records in the underlying suit, as well as his experience and knowledge of the practice
of law in Harris County. See id.; see also Tex. Commerce Bank v. New, 3 S.W.3d
515, 517-18 (Tex. 1999) (noting affidavit testimony in support of attorney's fees was
not conclusory and was legally sufficient where attorney testified he was duly
licensed attorney, he was familiar with usual and customary attorneys' fees in
locality, and, based on his knowledge of services rendered, fee in dispute was 
reasonable); State and County Mut. Fire Ins. Co. v. Walker, 228 S.W.3d 404, 409
(Tex. App.--Fort Worth, 2007, no pet.) (finding attorney's testimony not conclusory
where "attorney testified about his professional experience and background and
described the work he had performed and the amount of time spent on the case"). 
Moreover, as shown above, Carpenter also testified concerning all but two of the
factors. 

 Third, McAlester generally contends no evidence shows the attorneys' fees
were reasonable and necessary. However, as shown above, the evidence shows that
the fees meet the criteria for assessing reasonableness. 

 Considering all of the record evidence in a light most favorable to the verdict
and indulging every reasonable inference from that evidence in support of the verdict,
legally sufficient evidence exists to uphold the reasonableness of attorney's fees. See 
Tex. Commerce Bank, 3 S.W.3d at 517-18; Bank of Tex., 2008 WL 5455692, at
*12-13; State and County Mut. Fire Ins. Co., 228 S.W.3d at 409. We do not address
appellant's factual sufficiency challenge because appellant's challenges are no
evidence points only. See Tex. R. App. P. 38.1(h) (requiring appellate brief to
"contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record"); Abdelnour v. Mid Nat'l Holdings, Inc., 190
S.W.3d 237, 241 (Tex. App.--Houston [1st Dist.] 2006, no pet.) ("Issues on appeal
are waived if an appellant fails to support his contention by citations to appropriate
authority . . . ."). We overrule the first issue.

 C. Legal Assistant Fees

 In its second issue, McAlester contends the trial court erred by awarding fees
associated with work performed by a non-employee, independent contractor legal
assistant because the evidence at trial was legally insufficient to support such an
award. McAlester does not specifically point to any contrary evidence in the record,
instead opting to make global no-evidence claims about the evidence. McAlester
challenges the inclusion of the amount of $34,406.25 in the award for attorney's fees
by claiming no evidence shows the work performed by Allen has traditionally been
done by an attorney, no evidence shows the qualifications of Allen to perform
substantive legal work, no evidence shows that Allen performed substantive legal
work under the direction and supervision of an attorney, no evidence shows the
nature of the legal work performed by Allen, and Carpenter should have charged
McAlester $50 per hour for Allen's work, which was the same rate at which
Carpenter paid Allen, rather than the $125 per hour Carpenter billed McAlester for
the work done by Allen. McAlester also contends that Allen's fees do not meet the
criteria in the Arthur Anderson factors, but we have already addressed those factors
above.

 An award of attorney's fees may include a legal assistant's time to the extent
that the work performed "has traditionally been done by an attorney." Clary Corp.
v. Smith, 949 S.W.2d 452, 469 (Tex. App.--Fort Worth 1997, writ denied); Gill Sav.
Ass'n v. Int'l Supply Co., 759 S.W.2d 697, 702 (Tex. App.--Dallas 1988, writ
denied). To recover attorney's fees for work performed by legal assistants, the
evidence must establish:

 (1) the qualifications of the legal assistant to perform substantive
legal work;


 (2) that the legal assistant performed substantive legal work under the
direction and supervision of an attorney;

 

 (3) the nature of the legal work performed;


 (4) the legal assistant's hourly rate; and


 (5) the number of hours expended by the legal assistant.


Multi-Moto Corp. v. ITT Commercial Fin. Corp., 806 S.W.2d 560, 570 (Tex.
App.--Dallas 1990, writ denied); see All Seasons Window and Door Mfg., Inc. v. Red
Dot Corp., 181 S.W.3d 490, 504 (Tex. App.--Texarkana 2005, no pet.); Gill Sav.
Ass'n, 759 S.W.2d at 704-05.

 1. Qualifications of Legal Assistant 

 Carpenter explained that he retained the services of Allen, a person with whom
he had worked for over 20 years. Allen is a law school graduate but is not licensed
to practice law. According to Carpenter, Allen is "much more proficient than a
paralegal." Dylewski said Allen was a "skilled researcher." Dylewski confirmed that
using Allen to perform some of the work was a way to provide competent service at
a lower rate. 

 2. Work Performed under Direction and Supervision of
Attorney


 The record shows the work was under the direction of Carpenter, but was
independently done. 

 3. Nature of Work Performed

 The record shows Allen prepared the petition and assisted with the preparation
of the underlying suit. Dylewski noticed Thompson and Knight, the law firm
handling McAlester's appeal of the underlying suit, adopted the arguments that had
been made by Carpenter and Allen. 

 4. Legal Assistant's Hourly Rate

 Allen was not Carpenter's employee. Allen billed Carpenter $50 an hour for
Allen's services, and Carpenter billed McAlester $125 per hour for the work done by
Allen. Carpenter explained that "the market rate for Mr. Allen's services is more than
$125." Carpenter testified that the rate of $125 for Allen's services was fair and
reasonable. Dylewski testified that the fees charged by Carpenter for Allen's work
was reasonable in the locality. Dylewski also explained that it is common for law
firms and lawyers to use paraprofessionals and to pay the paraprofessional one rate
while charging the client a higher rate. For example, said Dylewski, large law firms
will pay $15 to $20 an hour to a paralegal but charge $80 to $90 dollars to the client
for the work done by the paralegal. 

 5. Number of Hours Expended by Legal Assistant

 The invoices detail the number of hours performed by Allen. In applying the
Arthur Anderson factors to the case, Dylewski determined the fees charged for the
work done by Allen were reasonable. In contrast, Simon expressed surprise about the
number of hours worked by Allen.

 Considering all of the record evidence in a light most favorable to the verdict and
indulging every reasonable inference from that evidence in support of the verdict,
legally sufficient evidence exists to uphold the reasonableness of the legal work
performed by Allen. See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc., 178
S.W.3d 198, 209 (Tex. App.--Houston [14th Dist.] 2005, no pet.) (holding evidence
legally sufficient to support award of legal assistant fee's where attorney testified
concerning her supervision of legal assistants and reasonableness of hourly rates
charged for work performed by legal assistants in case, and billing records submitted
in evidence showed nature of legal work performed, hourly rate being charged, and
number of hours worked by legal assistants). We do not address appellant's factual
sufficiency challenge because appellant's challenges are no evidence points only. See
Tex. R. App. P. 38.1(h); Abdelnour, 190 S.W.3d at 241. 

 McAlester also contends, "To allow Carpenter to recover $34,406.25, when
Allen settled with McAlester for $11,000, would constitute a windfall to Carpenter." 
We have already addressed McAlester's complaint asserting that, under the Arthur
Anderson factors, Carpenter should not have charged McAlester $125 an hour for
Allen's work, when the work only cost Carpenter $50 an hour. However, to the extent
McAlester may be attempting to challenge the amount of the settlement credit, that
argument is waived because McAlester cites no authority and fails to make any
argument concerning the settlement credit. See Tex. R. App. P. 38.1(h); Abdelnour,
190 S.W.3d at 241.





Conclusion

 We affirm the judgment of the trial court.





 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.