Opinion issued September 24, 2009










In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00164-CV




RUSSELL W. HARRISON, Appellant

V.

CHARLIE THOMAS FORD, LTD. D/B/A CHARLIE THOMAS FORD,
Appellee




On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2005-70179




MEMORANDUM OPINION
          Appellant Russell W. Harrison sued appellee Charlie Thomas Ford, Ltd. for
common-law fraud and alleged violations of the Deceptive Trade Practices-Consumer
Protection Act and the Finance Code. See Tex. Bus. & Com. Code Ann.
§§ 17.41–.63 (Vernon 2002 & Supp. 2008) (DTPA). Harrison claimed that Charlie
Thomas included charges in a 2002 motor-vehicle installment sale that were either
fictitious or violated the Finance Code.
          The trial court granted Charlie Thomas’s motion for summary judgment and
dismissed Harrison’s claims for “GAP insurance, documentary fee and APR.” 
Harrison voluntarily dismissed his remaining claims, and the trial court rendered a
final, take-nothing judgment. On appeal, Harrison brings a single point of error,
claiming the trial court abused its discretion in rendering summary judgment “as the
summary judgment evidence before the court failed to establish Appellee’s entitlement
to final summary judgment.” In the four pages of argument in his brief, Harrison
makes only one substantive argument, alleging that Charlie Thomas sold
GAP insurance


 in a manner that did not comply with Finance Code section 348.209
and Insurance Code section 4055.014.
          Harrison claims the following statute applies to a motor-vehicle installment sale:
 
§ 348.209. Requirements for Including Insurance Cost in Contract
(a) If insurance is included as an itemized charge in a retail
installment contract:
(1) the insurance must be written:
(A) at lawful rates;
(B) in accordance with the Insurance Code; and
(C) by a company authorized to do business in this state; and
(2) the disclosure requirements of this section must be satisfied.
Tex. Fin. Code Ann. § 348.209(a) (Vernon 2006) (emphasis added). Harrison then
points to the following statute in the Insurance Code:
§ 4055.014. Disclosures Required Before Issuance of Insurance
Except as provided by Section 4055.105, insurance coverage may
not be issued under this chapter unless:
(1) at each location at which sales of the coverage occur, brochures
or other written materials are prominently displayed and readily available
to a prospective consumer that:
(A) summarize, clearly and correctly, the material terms of the
coverage offered to consumers, including the identity of the insurer;
(B) disclose that the coverage offered by the specialty license
holder may duplicate coverage already provided by a consumer's
personal auto insurance policy, homeowner's insurance policy, personal
liability insurance policy, or another source of coverage;
(C) state that, except as specifically provided by another law of
this state or the United States, the purchase by the consumer of the kind
of insurance offered is not required to complete the associated consumer
transaction;
(D) describe the process for filing a claim for benefits; and
(E) contain any additional information required by the
commissioner by rule regarding the price, benefits, exclusions,
conditions, or other limitations of the coverage; and
(2) evidence of coverage is provided to each consumer who
purchases the coverage.
Tex. Ins. Code Ann. § 4055.014 (Vernon 2009). Finally, Harrison states “it is
undisputed that the insurance is in fact sold in a manner that does not comply with the
requirements of Texas Insurance Code §4055.014.” This statement is completely
conclusory and unsupported by any references to the record. See Tex. R. App. P.
38.1(i) (“The brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.”).
          An additional problem with Harrison’s argument is there is an exception to
Insurance Code section 4055.014 that is not addressed in the brief:
§ 4055.105. Exemption From Certain Disclosure Requirements
A specialty license holder and the license holder’s representative
are not required to make the disclosures required by Section 4055.014
as that section relates to the sale or delivery of a credit insurance product
that is subject to this subchapter if the license holder or representative
complies with all disclosure requirements prescribed by another
provision of this code or another law of this state or the United States
with regard to the sale or delivery of that product.
Tex. Ins. Code Ann. § 4055.105 (Vernon 2009) (emphasis added). Charlie Thomas
raised this issue in its appellee’s brief, and Harrison has not responded why this
exception does not apply.
          It is Harrison’s burden on appeal to present a clear and concise argument why
the trial court committed reversible error, with appropriate citations to authorities and
to the record. See Tex. R. App. P. 38.1(i), 44.1. Harrison has not done so. We
overrule point of error one. See Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d
237, 241–42 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

          We affirm the trial court’s judgment.
 
 
 
                                                             Jim Sharp
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Sharp and Taft.