Opinion issued
October 20, 2011.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00474-CV

———————————

Ali Pourmemar, Appellant

V.

Chase Home Finance,
L.L.C., Appellee



 



 

On Appeal from the 113th
District Court

Harris County, Texas



Trial Court Case No. 2008-74696

 



 

 

MEMORANDUM
OPINION

 

          Ali
Pourmemar appeals the trial court’s rendition of a summary judgment in favor of
Chase Home Finance, L.L.C.  Pourmemar
brought suit against Chase alleging causes of action for breach of contract and
violations of the Deceptive Trade Practices Act.[1]  Chase moved for summary judgment on no-evidence
grounds on the breach of contract claim and both traditional and no-evidence
grounds on the DTPA claims.  The trial
court granted Chase’s motion for summary judgment, rendering a take nothing
judgment against Pourmemar.  In three
issues, Pourmemar contends that the trial court erred by denying his motion for
continuance, granting the traditional summary judgment, and granting the
no-evidence summary judgment.  We
affirm.  

Background

          Pourmemar
purchased a home at a foreclosure sale.  To
pay for the home, Pourmemar obtained a mortgage loan and executed a deed of
trust to secure the loan.  Shortly after
the purchase, Chase became the mortgage loan servicer for Pourmemar’s mortgage.  Chase collected and escrowed funds from
Pourmemar for the property taxes on the property.  Chase was thus responsible for paying the
property tax on the property; the payments, however, were made in error on a
different tax account.  In December 2008,
Pourmemar sued Chase asserting claims for breach of contract and violations of
the DTPA.  After the case had been
pending for over a year, Chase filed a motion for summary judgment, asserting
traditional and no-evidence grounds on Pourmemar’s DTPA claim and no-evidence
grounds on his breach of contract claims.[2]

Summary Judgment

          In
his first and second issues, Pourmemar contends that the trial court erred by granting
Chase’s traditional motion for summary judgment and no-evidence motion for
summary judgment.

          We review a trial court’s
summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010).  If a trial court grants summary judgment
without specifying the grounds for granting the motion, we must uphold the
trial court’s judgment if any of the grounds are meritorious.  Beverick v. Koch Power, Inc., 186 S.W.3d 145, 148 (Tex. App.—Houston
[1st Dist.] 2005, pet. denied).  When a
party has filed both a traditional and no-evidence summary judgment motion and
the order does not specify which motion was granted, we typically first review
the propriety of the summary judgment under the no-evidence standard.  See Tex.
R. Civ. P. 166a(i); see Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the no-evidence summary judgment was
properly granted, we need not reach arguments under the traditional motion for
summary judgment.  Ford Motor
Co., 135 S.W.3d at 600.

          To prevail on a no-evidence motion for
summary judgment, the movant must establish that there is no evidence to
support an essential element of the nonmovant’s claim on which the nonmovant
would have the burden of proof at trial.  See Tex.
R. Civ. P. 166a(i); Hahn v. Love, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009,
pet. denied).  The burden then shifts to
the nonmovant to present evidence raising a genuine issue of material fact as
to each of the elements specified in the motion.  Mack Trucks, 206 S.W.3d at 582; Hahn, 321 S.W.3d at 524.

          In a traditional summary judgment
motion, the movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant moving for traditional summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum,
Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).

          A.      DTPA Claim

          In its no-evidence motion concerning
the DTPA claim, Chase asserted that no evidence supported (1) Pourmemar’s status
as a consumer, (2) that Chase committed a deceptive practice prohibited by the
DTPA, or (3) that Pourmemar had suffered damages due to a DTPA violation. 

          A consumer may bring a DTPA cause of
action for either a violation of section 17.46(b) of the DTPA (the so-called
“laundry list”) relied on by the consumer to the consumer’s detriment or for an
unconscionable action or course of action if the violation or action “constitute[s]
a producing cause of economic damages or damages for mental anguish.”  Tex.
Bus. & Com. Code Ann. § 17.50(a)(1), (3) (West 2011).  As relevant to this case, the “laundry list”
prohibits various types of misrepresentations. 
See id. § 17.46(b).  The DTPA also defines an unconscionable
action or course of actions as “an act or practice which, to a consumer’s
detriment, takes advantage of the lack of knowledge, ability, experience, or
capacity of the consumer to a grossly unfair degree.”  Id.
§ 17.45(5).       

          Concerning the deceptive practice
element of Pourmemar’s claim, on appeal he argues, 

          Pourmemar
submitted evidence which included his affidavit and the attachments to the
motion filed by CHASE.  The evidence
supported all of the elements of his claims against CHASE.

 

          Therefore,
the no-evidence summary judgment should be reversed and remanded to the trial
court for consideration by the fact finder in this case.

 

Pourmemar’s
briefing identifies no act by Chase that could be considered a deceptive
practice or unconscionable act.  In his
response to Chases’ motion for summary judgment, Pourmemar asserted, 

Plaintiff’s DTPA claims are based upon the unconscionable
action, negligence and misrepresentation of Chase Home Finance, LLC in not
timely paying real estate taxes from the escrow account established by him with
Chase.  The DTPA Action upon which
Plaintiff sues is the misrepresentations made to him by his mortgage company
concerning his escrow account.

 

However,
Pourmemar did not produce evidence of a misrepresentation or unconscionable
action.  In his affidavit attached as summary
judgment evidence, Pourmemar avers,

. . . Chase had attached the wrong legal description to
my deed and therefore had sold me the wrong property.  As a result of this mistake, Chase made payments to the wrong account with the Tax
assessor.  I notified them of their
mistake but they were slow to correct it.  When they finally sent the payments to the
correct property tax account, I had been sued by the tax authority.  Chase agreed to pay the tax authority all of
the delinquent taxes plus penalties and interest.  Because Chase failed to timely correct their error, my credit score went down.  Also, my home was posted for foreclosure even
though I had made all of my mortgage payments on time.  I was not delinquent in any of my payments to
Chase.

 

Even though Chase admitted that a mistake was made on my
account, they made a reversal of
principal entry on February 28, 2008 which added more than $5,000.00 to the
principal balance of my loan.  Chase has been totally unprofessional and has
caused me considerable damages.

 

(Emphasis
added).

          Pourmemar’s affidavit, however, does
not identify any misrepresentation.  Nor
does it identify an unconscionable action—that is, one that took advantage of
his lack of knowledge or experience “to a grossly unfair degree.”  Because Pourmemar produced no evidence of a
deceptive practice or unconscionable action, the trial court properly granted
Chase’s no-evidence motion for summary judgment on Pourmemar’s DTPA claims.[3]        

          B.      Breach of Contract Claim

          Chase also moved for no-evidence
summary judgment on Pourmemar’s breach of contract claim.  Specifically, Chase asserted that Pourmemar
had no evidence that Chase had breached a term of the deed of trust or that
Pourmemar had suffered damages as a result.

          On appeal, Pourmemar asserts he
suffered two types of damages as follows:

CHASE breached the contract by failing to make the
property tax payments to the HARRIS COUNTY taxing authority when they became
due.  As a result of the breach caused by
CHASE, P[O]URMEMAR was sued and had to pay attorney’s fees.  In addition, his credit rating was severely
impacted by the judgment from the delinquent taxes.

 

(Record
citations omitted).

          Concerning the first type of damages
argued by Pourmemar, his attorney’s fees in the suit for delinquent taxes, the
only evidence Pourmemar provided in response to Chase’s no-evidence motion for
summary judgment was a single statement in his affidavit.  “When [Chase] finally sent the payments to
the correct property tax account, I had been sued by the tax authority.”  Pourmemar offered no evidence—in his
affidavit or otherwise—of the existence or amount of attorney’s fees.  

          The second
type of damages Pourmemar mentions is a loss of credit reputation.  To recover damages for a loss of credit
reputation, a plaintiff must show “that a loan was actually denied or a higher
interest rate was charged.”  Tex. Mut. Ins. Co. v. Ruttiger, 265
S.W.3d 651, 672 (Tex. App.—Houston [1st Dist.] 2008) (quoting EMC Mortg. Corp. v. Jones, 252 S.W.3d
857, 872 (Tex. App.—Dallas 2008, no pet.) rev’d
on other grounds, 53 Tex. Sup. Ct. J. 1642, 2011 WL 3796353 (Aug. 26. 2011);
see also St. Paul Surplus Lines Ins. Co.
v. Dal-Worth Tank Co., 974 S.W.2d 51, 53 (Tex. 1998) (no evidence of
damages due to loss of credit reputation “until a loan is actually denied or a
higher interest rate charged”).  Here,
Pourmemar’s only evidence is a statement in his affidavit that “my credit score
went down.”  This is no evidence of
actual damages due to loss of credit reputation.  See
Tex. Mut. Ins. Co., 265 S.W.3d at 672 (no evidence of loss of credit
reputation where plaintiff introduced copy of his negative credit rating and
financial records showing decline in earnings after injury).  

          Pourmemar did not plead for
or identify any other types of damages in his petition or response to Chase’s
motion for summary judgment.  Although
Pourmemar may have
suffered nominal damages, he did not raise such damages in his response to
Chase’s motion for summary judgment and does not argue nominal damages on
appeal.  See Taub v. Houston Pipeline
Co., 75 S.W.3d 606, 618 (Tex. App.—Texarkana 2002, pet. denied) (although
trespass plaintiff may claim nominal damages, failure to raise nominal damages
in response to summary judgment not basis for reversal of summary judgment); see also Tex. R. Civ. P. 166a(c), (i) (stating
that issues not presented to trial court in writing cannot be considered as
grounds for reversal on appeal and that nonmovant in no evidence motion for
summary judgment must produce summary judgment evidence raising a fact issue); cf. Hill v. Crowson, No. 10-09-00006-CV, 2009 WL 3858065, at *3 (Tex.
App.—Waco Nov. 18, 2009, no pet.) (reversing no-evidence summary judgment on
damages element of trespass claim because nominal damages raised in both
summary judgment response and appellate briefs).  Accordingly, we conclude that the
trial court did not err by granting Chase’s no-evidence motion for summary
judgment on Pourmemar’s breach of contract claim.  See
Montoya v. Bluebonnet Fin. Assets, No. 02-09-00301-CV, 2010 WL 4261481, at
*6 (Tex. App.—Fort Worth Oct. 28, 2010) (holding that affidavit stating, “I
have been injured in having to defend this suit, in damage to my credit . . .
.” was insufficient to defeat no-evidence summary judgment), judgment vacated on rehearing, 2010 WL
5186787 (Dec. 23, 2010).

          We overrule Pourmemar’s second issue.

Continuance of Summary
Judgment Hearing

          In
his third issue, Pourmemar contends that the trial court erred by denying his
motion for continuance of the summary judgment hearing.

          Texas Rule of
Appellate Procedure 38.1(i) requires that an appellant’s brief “contain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.”  Tex. R. App. P. 38.1(i).  “Rule 38 requires [a party] to provide us
with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue.” 
Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d
118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  “This is not done by merely uttering brief
conclusory statements, unsupported by legal citations.”  Id. 
“Issues on appeal are waived if an appellant fails to support his
contention by citations to appropriate authority . . . .”  Abdelnour v. Mid Nat’l Holdings, Inc.,
190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Similarly, appellate issues are waived when
the brief fails to contain a clear argument for the contentions made.  Izen v. Comm’n for Lawyer
Discipline, 322
S.W.3d 308, 322 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

          Pourmemar’s argument on this issue, in
its entirety, is:  

Pourmemar filed a
timely motion to continue the hearing on the Motions for Summary Judgment.  The trial court denied the motion but continued
the trial of the case.  Under the Texas
Rules of Civil Procedure the discovery cut-off would have extended until thirty
days prior to trial.  There was
additional discovery which needed to be completed in this case.  The denial of the motion was prejudicial to
Pourmemar.  Additionally, the trial court
failed to state whether the granting of the summary judgment motion was on the
no-evidence standard or the traditional summary judgment standard.

 

          This
argument does not contain any citation to the law concerning motions for
continuance or identify the applicable standard of review.  Nor does it provide any record citations or
any analysis to support the conclusory assertions that more discovery was
needed, the evidence to be discovered was material, or that Pourmemar had used
due diligence in pursuing discovery during the year in which the case had been
pending.  See Joe v. Two Thirty
Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004) (listing nonexclusive
factors for court to consider in determining whether to continue summary
judgment hearing such as the length of time the case has been on file, the
materiality and purpose of the discovery sought, and whether the party seeking
the continuance has exercised due diligence to obtain the discovery sought).  Accordingly, we conclude this issue
is waived.  See Tesoro Petroleum Corp., 106 S.W.3d at 128; Izen, 322 S.W.3d at 322.  

          We
overrule Pourmemar’s third issue.




 

Conclusion

          We affirm the
judgment of the trial court.  All pending
motions are denied as moot.

 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Bland and Huddle.

 

 

 











[1]           See
Tex.
Bus. & Com. Code Ann.
§ 17.41–.63 (West 2011).





[2]           Pourmemar also sued his title
insurance company and the trial court also granted its motion for summary
judgment.  Pourmemar does not appeal the
summary judgment in favor of the title insurance company. 





[3]           Because we overrule Pourmemar’s issue
concerning the no-evidence motion for summary judgment, we do not address his
argument concerning the traditional motion. 
See Ford Motor Co., 135 S.W.3d at 600; see
also Tex. R. App. P. 47.1.