# NO. 12-17-00244-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LOIS NELSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KENNETH BRANTLEY,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Lois Nelson appeals from a judgment rendered in her favor after a bench trial in her breach of contract case against Kenneth Brantley. In three issues, Nelson complains the amounts of the damages awards are too low and that the court erred in failing to award her attorney's fees. We affirm.

## BACKGROUND

In 2013, Nelson and Brantley signed a timber contract by which they agreed that Brantley would cut and remove timber from Nelson's 110 acres. Approximately three months later, the parties signed a handwritten addendum to the contract. In 2015, apparently unhappy with the amount Brantley paid for the timber, Nelson attempted to notify Brantley that she intended to avail herself of the arbitration provision in the contract before filing suit. The letter was returned. She filed her breach of contract suit the following year.

The case was tried before the court. In the final judgment, the trial court awarded Nelson $2,000 for the unpaid timber taken and $5,000 for Brantley's failure to clean debris and pile brush. The court did not award Nelson attorney's fees. Unsatisfied with those results, Nelson appealed.

## DAMAGES FOR BREACH OF CONTRACT

In her first issue, Nelson contends the trial court abused its discretion by awarding only $2,000 for the timber Brantley removed. She argues that a low damages amount is against the great weight of the evidence which shows that the timber was worth $50,000. In her second issue, Nelson asserts that the trial court abused its discretion in awarding Nelson only $5,000 for Brantley's failure to clean up the debris. She argues that the evidence shows that the cost of restoring her property is $55,775.

The rules of appellate procedure require that the appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Issues on appeal are waived if an appellant fails to support her contention by citations to appropriate authority. *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In her argument under these two issues, Nelson does not present a single citation to supporting authority or the record. Therefore, Nelson has waived these issues due to inadequate briefing. *See id*. We overrule Nelson's first and second issues.

## ATTORNEY'S FEES

In her third issue, Nelson asserts that the trial court erred in denying her request for attorney's fees. She argues that, contrary to the court's determination that she failed to present the claim to Brantley before filing suit, she sent a letter to Brantley several months before the suit was filed.

The record shows that Nelson sent a letter by certified mail on July 31, 2015, asserting that Brantley breached the contract and explaining that she would pursue arbitration. She further stated that if Brantley did not follow procedures to begin the arbitration process, Nelson would file suit in the district court. However, this letter was returned to Nelson's counsel marked "Return to Sender, Unclaimed, Unable to Forward."

The Texas Civil Practice and Remedies Code requires a person claiming attorney's fees under Chapter 38 to present the claim to the opposing party or his agent and allow that party thirty days to tender payment. TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (West 2015). Where the party does not receive the writing alleged to constitute a presentment, there is no presentment within the meaning of the statute. *Williams v. Back*, 624 S.W.2d 272, 277 (Tex.

App.—Austin 1981, no writ).  Because Brantley never received the letter from Nelson, she did not comply with the presentment statute.  We overrule Nelson's third issue.

<u>**DISPOSITION**</u>

Having overruled all of Nelson's issues, we ***affirm*** the trial court's judgment.

<u>**JAMES T. WORTHEN**</u>
Chief Justice

Opinion delivered August 22, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 22, 2018**

**NO. 12-17-00244-CV**

**LOIS NELSON,**
Appellant
V.
**KENNETH BRANTLEY,**
Appellee

---

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. 16-00082)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **LOIS NELSON**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*