Opinion issued October 19, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00522-CV

———————————

**SHARHOANA JENKINS, Appellant**

**V.**

**BROOKFIELD TOWNHOUSE COMMUNITY ASSOCIATION, INC.,
Appellee**

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2021-84207**

---

## MEMORANDUM OPINION

Sharhoana Jenkins, pro se, appeals from the trial court's order granting summary judgment for the Brookfield Townhouse Community Association, Inc. in its action to establish and foreclose a lien against Jenkins's property for unpaid assessments. Because Jenkins has not complied with Texas Rule of Appellate

Procedure 38.1,[1] any issues presented for review have been waived. We affirm the trial court's judgment.

## Background

Sharhoana Jenkins owns property in a townhouse development subject to recorded Declarations of Covenants, Conditions and Restrictions (Restrictions) that run with the land and create the Brookfield Townhouse Community Association, Inc. (Association). The Restrictions authorize the Association to make assessments for, among other things, the maintenance and improvement of the common areas and townhouse exteriors.

> Any assessments which are not paid when due shall be delinquent. If the assessment is not paid within thirty (30) days after the due date, the assessment shall bear interest from the date of delinquency at the rate of six percent (6%) per annum, and the Association may bring an action at law against the Owner personally obligated to pay the same, or foreclose the lien against the property, and interests, costs, and reasonable attorney's fees of any such action shall be added to the amount of such assessment.

The Association sued Jenkins, alleging that she had not paid assessments. Jenkins answered pro se. She generally denied the Association's allegations and asserted that she had not signed or otherwise agreed to the Restrictions, that the Association had not established that it was legally entitled to collect a debt, and that the Association had insufficient evidence of the delinquent assessments. Jenkins also

---

[1]    *See* TEX. R. APP. P. 38.1 (requirements for appellant's briefs).

pleaded the affirmative defenses of limitations, failure to state a claim upon which relief can be granted, duress, fraud, illegality, and laches.

The Association moved for a traditional summary judgment. The summary judgment motion requested that the trial court allow the Association to foreclose its lien against Jenkins's property and award $11,567.04 in actual damages, attorney's fees, and costs. Jenkins did not respond to the summary judgment motion.

The trial court granted the Association's summary judgment motion and rendered a final judgment giving the Association all the relief it requested.

### Briefing Waiver

First, we must determine whether Jenkins has presented anything for our review. Although courts liberally construe briefs, all litigants must comply with applicable rules of procedure even if they are not represented by counsel. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). "Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444. "Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank*, 573 S.W.2d at 185.

On appeal, a pro se appellant must present her case in accordance with the Texas Rules of Appellate Procedure. *See Valadez v. Avita*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). The Texas Rules of Appellate Procedure require that an appellant's brief must concisely state all issues or points presented for review. *See* TEX. R. APP. P. 38.1(f). An issue presented in an appellant's brief is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). The appellant's brief must also "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint. *Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 242 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (appellant waived issue because appellant's brief provided "no citation to the record, nor any discussion of relevant or analogous authorities to assist the Court in evaluating its claim").

The appellant has the burden to discuss her assertions of error. *Valadez*, 238 S.W.3d at 845. As the reviewing court, we have no duty—or even right—to independently review the record and law to determine whether there was error. *Id.* If we were to do so, even on a pro se appellant's behalf, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id.*; *see Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (advising that "[i]t would be inappropriate for [appellate] court to speculate as to what appellant may have intended to raise as an error by the trial court on appeal" because doing so forces appellate court to "stray from [its] role as a neutral adjudicator and become an advocate for appellant").

Here, Jenkins's brief does not identify an issue for this Court on the summary judgment order that is being appealed. As we understand her brief, Jenkins asserts that she cannot afford an attorney, that the Association has not paid for some things it should have paid because it is insolvent, that she does not owe assessments, that was under duress when she signed a statement promising to pay assessments, and that she desires to countersue the Association for emotional distress and incomplete work on her home. Her assertions of error in this regard are conclusory and not supported by citations to the appellate record or any legal authorities. Because it would be inappropriate for us to speculate about Jenkins's substantive legal arguments, we find waiver due to inadequate briefing. *See Valadez*, 238 S.W.3d at

5

845. Consequently, we hold nothing is assigned for our review as to the trial court's summary judgment ruling. *See Guimaraes*, 562 S.W.3d at 545 (finding briefing waiver where there appellate brief did not contain argument, authority, or references to the record).

## Conclusion

We affirm the trial court's judgment.


Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Landau, and Farris.